UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MANUEL CASTILLO**,                                   **CASE NO**.:

    Plaintiff,

v.

**FISHER ISLAND CLUB, INC.**

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff MANUEL CASTILLO (hereinafter referred to as "**Plaintiff**" and/or "**Mr. Castillo**") sues Defendant FISHSER ISLAND CLUB, INC. (hereinafter referred to as "**Defendant**" or "**FISHER ISLAND**"), and alleges as follows:

**NATURE OF ACTION**

1. This action is brought under the Florida Civil Rights Act §760.01, *et seq.*, Florida Statutes ("**FCRA**"), the Age Discrimination in Employment Act ("**ADEA**"), and the Americans with Disabilities Act, 42 USC §§12101, *et seq.* ("**ADA**"), as amended by the Americans with Disabilities Act Amendments, to redress unlawful employment practices toward Plaintiff, including disability discrimination, hostile work environment, and retaliation.

**PARTIES, JURIDICTION, AND VENUE**

2. Plaintiff is an individual male and resides in Miami, Florida.

3. Defendant is a Florida entity with its principal place of business located in Miami, Florida. At all relevant times, FISHER ISLAND maintained an office in Miami-Dade County, Florida.

1

4. At all times relevant to this action, Plaintiff was an employee of Defendant and performed work for Defendant in Miami-Dade County, Florida.

5. Defendant employed no fewer than 15 or more persons at all relevant times and is therefore an employer as defined by ADEA, ADA and the FCRA.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the cause of action arises under federal statutes, to wit, the ADEA and ADA.

7. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims are related to claims in the action within the Court's original jurisdiction such that they form part of the same case or controversy.

8. Venue is proper in the Miami Division of the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(1) and (2) because Defendant's principal place of business is located within this judicial district and because all or a substantial part of the events giving rise to this action occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

9. On or about February 5, 2020, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**") and the Florida Commission on Human Relations ("**FCHR**") against Defendant as set forth herein.

10. On August 4, 2020 the EEOC issued Plaintiff a Notice of Right to Sue.

11. More than 180 days have expired since Plaintiff filed his charge of discrimination with the FCHR, and the FCHR has neither conciliated nor issued a determination of whether there is reasonable cause.

12. This case was initiated within 90 days of Plaintiff's receipt of his Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

13. Plaintiff suffers from a number of injuries in his neck and back and is within a class of individuals protected by the FCRA, ADEA and the ADA.

14. Plaintiff is a fifty-nine (59) year old man.

15. At all relevant times, Defendant provided Plaintiff with access to Defendant's Employee Handbook.

16. At all relevant times, Plaintiff availed himself to the rights, procedures and policies as provided in Defendant's Employee Handbook.

17. On or about October 6, 1994, Defendant hired Plaintiff as a captain for Defendant's Catering Department.

18. At all relevant times, Defendant considered Plaintiff to be a good, reliable employee.

19. On or about May 27, 2017, Plaintiff suffered serious injuries as a result of a work-related accident; including injuries to his head, neck, back, both knees, right ankle, right shoulder, left hand. Plaintiff was transported to the paramedics on Defendant's property and later released.

20. On or about May 28, 2017, Defendant's JOSE BRANDAO (hereinafter referred to as "**BRANDAO**"), Banquet Manager and Plaintiff's direct supervisor, removed Plaintiff from his duties and assigned him to desk duties- unrelated to his role as Banquet Captain.

21. At all material times, Defendant's BRANDAO held direct supervisory authority over Plaintiff. BRANDAO had the authority to hire, fire and/or otherwise alter the terms of Plaintiff's employment.

22. On or about May 28, 2017, while working, Plaintiff's injuries continued to worsen. Plaintiff requested the assistance to be transported to the hospital to which he was denied.

23. At all material times ANNIE BORGES (hereinafter referred to as "**BORGES**"), Defendant's Director of Human Resources, held direct supervisory authority over Plaintiff. BORGES had the authority to hire, fire and/or otherwise alter the terms of Plaintiff's employment.

24. On or about May 29, 2017, Defendant's BORGES instructed Plaintiff to go to the hospital to get a complete assessment of the injuries suffered on May 27, 2019.

25. On or about May 29, 2017, the hospital issued the following limitations- no overhead reaching; no climbing; no lifting items over five (5) pounds; and limitations on the use of his right arm.

26. On or about May 29, 2017, Plaintiff was placed on medical leave as he continued to heal from the injuries suffered on May 27, 2017.

27. On or about May 30, 2017, Defendant's BORGES called Plaintiff's cellphone while he was home on a sick day and instructed Plaintiff to explain the accident and the resulting injuries, as well as his limitations.

28. During the call with Plaintiff, Defendant's BORGES claimed that Plaintiff's injuries and limitations were not related to Plaintiff's accident at work and told Plaintiff that he needed to visit his primary care physician for care.

29. Thereafter, Defendant's Worker's Compensation adjuster contacted Plaintiff and interviewed him about the injuries suffered as a result of the accident.

30. On or about August 25, 2017, Plaintiff returned to work with limitations from his neurosurgeon and restrictions relating to the injuries suffered on May 27, 2017.

31. On or about August 26, 2017, Defendant's BORGES provided Plaintiff with a modified schedule and instructed Plaintiff that he was to directly report to her for all work-related issues.

32. On or about August 26, 2017, Defendant's BORGES told Plaintiff that he was no longer allowed access to his cellular device while at work. At all relevant times, employees outside of Plaintiff's protected class had the ability to use their cellular devices while at work.

33. On or about August 28, 2017, Plaintiff's injuries continued to worsen, and he requested sick leave. BORGES denied Plaintiff's sick leave request, and Plaintiff then requested the use of personal time with instructions to return to work on September 7, 2017.

34. On or about September 17, 2017, after the use of his personal time, the Division of Workers Compensation notified Plaintiff of a suspension of his workers compensation payment because of Plaintiff's "… refusal to work." At all relevant times, however, Plaintiff was ready, willing, and able to work light duty. On September 18, 2017, BORGES sent Plaintiff an electronic] message stating "Unfortunately, we did no[t] have time to review work available for you."

35. On or about October 4, 2017, Plaintiff made complaints about the retaliatory conduct on the part of Defendant's BORGES. Specifically, Plaintiff complained about Defendant not allowing him to work despite being ready and able to work with limitations.

36. On or about October 4, 2017, Defendant's BORGES sent Plaintiff an electronic message, instructing Plaintiff to return to work beginning October 9, 2017.

37. On or about October 6, 2017, Plaintiff was admitted to the hospital as a result of a Cerebrovascular Accident/Ischemic Stroke (hereinafter referred as "**CVA**"). Plaintiff remained hospitalized for three (3) days. Plaintiff notified Defendant of his hospitalization.

38. On or about October 9, 2017, Plaintiff returned to work and provided Defendant's BORGES with medical documentation concerning his medical condition.

39. On or about October 11, 2017, Plaintiff suffered an irritation of his injuries and was in crisis. Plaintiff asked Defendant's BORGES to go to the paramedics on property, but

5

Defendant's BORGES refused Plaintiff's request and told Plaintiff to simply lay on the floor. Plaintiff then called 911 and was transported by Miami Dade Fire Rescue to Mount Sinai.

40. On or about October 16, 2017, as provided in Defendant's Employee Handbook, Plaintiff's requested the following accommodations:

a. Requested a transfer to another division;

b. Access to Defendant's Paramedic;

c. Change in shift; and

d. Breaks

Defendant's BORGES denied each of Plaintiff requested accommodations.

41. On or about December 5, 2017, Defendant's BORGES gave orders to deny Plaintiff access to Defendant FISHER ISLAND. Defendant later explained it as a clerical error.

42. On or about January 23, 2018, Plaintiff had surgery on his wrist and right thumb.

43. On or about February 5, 2018, Defendant's Human Resources Manager, CYNTHIA AMARO (hereinafter referred to as "**AMARO**"), instructed Plaintiff to take medical leave until March 19, 2018, to recover from his injuries, despite Plaintiff being cleared to return to work with limitations. Plaintiff then remained on leave as he was instructed to do.

44. Defendant discriminated against and treated Plaintiff differently as a result of the work-related injury and the resulting disability, age, including (but not limited to) the following acts:

- Beginning in February 2018 through April 2018, Plaintiff was instructed to sit from 9:00 am until the end of his shift at 5:30 pm in Defendant's conference room, do nothing and not communicate with anyone.

- In or around January 2019, Defendant's BORGES and AMARO regularly harassed Plaintiff about his work hours. At all relevant times, Defendant's employees outside of Plaintiff's protected class was not harassed about their work hours.

- On or about April 25, 2019, Defendant's BORGES and AMARO informed Plaintiff of the Workers Compensation Adjuster making two calls to his phone and leaving him two messages. Plaintiff was instructed to sign a document stating he received the phone calls but failed to return the calls.

- On or about June 25, 2019, Defendant's BORGES requested all Plaintiff's Doctor's notes were only to be provided to Defendant's AMARO.

- On or about August 1, 2019, Defendant's AMARO instructed Plaintiff to take his vacation days (90 hours) or he will lose all the time he has accumulated.

- On or about September 16, 2019, Defendant's BORGES sent Plaintiff an electronic message explaining that he would lose three hundred and twenty hours of vacation time.

- In 2019, Defendant did not give Plaintiff his full Bonus as he was entitled to. In comparison, Defendant's employees outside of Plaintiff's protected class received the full Bonus.

45. On or about October 18, 2019, Defendant's BORGES terminated Plaintiff from this employment because of the restrictions in place by his doctor.

46. At all relevant times, Plaintiff continued to work with the same accommodations/limitations from 2017 through 2019.

47. At all relevant times, Plaintiff was qualified to work other positions at Defendant FISHER ISLAND.

48. Plaintiff was wrongfully terminated on account of his age, disabilities and in retaliation to his opposition to and reporting of harassment and discrimination by Defendant.

49. As a result of Defendant's discriminatory treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

50. Defendant discriminated against and terminated Plaintiff on the basis of Plaintiff's disability and because Plaintiff complained or opposed the unlawful conduct of Defendant related to the above protected classes.

51. Defendant retaliated against Plaintiff for engaging in protected activity.

52. The above are just some examples of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

## COUNT I – DISCRIMINATION UNDER THE ADA

54. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 53 and further alleges as follows.

55. Plaintiff claims Defendant violated Title I of the ADA, as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

56. SEC. 12112. [Section 102] of the ADA specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the

disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

57. Section 102 of the ADA continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

58. Plaintiff is disabled, a member of a protected class and therefore protected under the ADA.

59. At all times relevant to this action, Plaintiff notified Defendant of his injuries suffered and his need for surgery.

60. At all relevant times relevant to this action, Plaintiff put Defendant on notice of his need for accommodations as a result of his injury and the resulting surgery.

61. Plaintiff was qualified for positions within Defendant's corporation and able to perform its essential functions with reasonable accommodations.

62. Defendant isolated and mistreated Plaintiff based on Plaintiff's disability and need for reasonable accommodations.

63. Defendant violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's surgery, the necessary time to recover and his required accommodations.

64. Defendant violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT II – HOSTILE WORK ENVIRONMENT UNDER THE ADA

65. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 53 above.

66. Defendant subjected Plaintiff to harassment and the harassment was motivated by Plaintiff's disability.

67. At all relevant times, Defendant treated Plaintiff unfairly, unlike other employees outside of Plaintiff's protected class.

68. Defendant's actions were severe and pervasive, between February 2018 and April 2018, effectively altering Plaintiff's work environment on the basis of Plaintiff's disability.

69. Defendant treated Plaintiff harshly and ultimately terminated Plaintiff because of his disability and his complaints of discrimination.

70. The conduct was so severe and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

71. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT III – RETALIATION UNDER THE ADA

72. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 53 and further alleges as follows.

73. SEC. 12203. [Section 503] of the ADA states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

74. Plaintiff is protected class under the ADA.

75. Plaintiff informed Defendant and staff of his injury and his disability.

76. Plaintiff complained to Defendant about the discriminatory comments and conduct made by Defendant's.

77. By the conduct described above, Defendant retaliated against Plaintiff for engaging in protected activity.

78. Plaintiff objected to Defendant's attempts to terminate his employment with Defendant.

79. Defendant terminated Plaintiff employment with Defendant as a result of his disability.

80. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its leadership team were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

81. Defendant engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

>**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:
>
> a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;
>
> b. Issue an order prohibiting further discrimination;
>
> c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;
>
> d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## **COUNT IV – DISABILITY DISCRIMINATION AND HARASSMENT UNDER THE FCRA**

82. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 53 above.

83. Plaintiff is a member of a protected class under the FCRA.

84. By the conduct describe above, Defendant has intentionally engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability -based animosity.

85. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for his disability.

86. At all relevant times, Plaintiff put Defendant on notice of his need for accommodations as a result of his injury and the resulting surgery.

87. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its leadership team were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

88. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

89. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

90. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

91. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

>**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:
>
>a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;
>
>b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
>
>c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;
>
>d. In lieu of reinstatement, award front pay;
>
>e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and
>
>f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V – RETALIATION UNDER THE FCRA

92. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 53 above.

93. Plaintiff is a member of a protected class under the FCRA.

94. Plaintiff complained to Defendant about the discriminatory comments and conduct.

95. As a result of Plaintiff's need for accommodations and complaints of discrimination, Defendant's made numerous attempts to remove Plaintiff from his position.

96. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

97. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

98. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

99. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

100. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling

Plaintiff to damages in the form of compensatory and punitive damages pursuant to Florida law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

101. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court Grants relief:

> **WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:
>
> a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;
>
> b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
>
> c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;
>
> d. In lieu of reinstatement, award front pay;
>
> e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and
>
> f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI- AGE DISCRIMINATION UNDER THE ADEA

102. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 53 above.

103. This is an action to recover all damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for violations of her state rights under the ADEA, to include the remedies in 29 U.S.C. §621 et seq.

104. Plaintiff is fifty-nine (59) years old and is protected against discrimination under the ADEA. Plaintiff was qualified for his job position.

105. Defendant's employees were much younger than Plaintiff.

106. Defendant terminated Plaintiff as a result of his age.

107. Defendant continued to hire much younger employees to replace Plaintiff after his unlawful termination.

108. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## COUNT VII- HOSTILE WORK ENVIRONMENT UNDER ADEA

109. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 53 above.

110. Defendant's employees subjected Plaintiff to harassment and the harassment was motivated by Plaintiff's age.

111. Defendant harshly and ultimately terminated Plaintiff because of his age.

112. Defendant's discriminatory conduct was not welcomed by Plaintiff.

113. The conduct was so severe and pervasive that a reasonable person in Plaintiff position would find Plaintiff work environment to be hostile or abusive.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADEA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, front pay in lieu of reinstatement, and all other equitable relief provided in the ADEA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADEA; and

e. Award Plaintiff his costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Dated:  November 2, 2020              **DEREK SMITH LAW GROUP, PLLC**
                                      701 Brickell Ave, Suite 1310
                                      Miami, FL 33131
                                      Tel: (305) 946-1884
                                      Fax: (305) 503-6741

                                      ___s/Tiffani-Ruth I. Brooks_____
                                      Tiffani-Ruth I. Brooks, Esq.
                                      Fla. Bar No. 1010664
                                      Tiffani@dereksmithlaw.com
                                      *Counsel for Plaintiff*