**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 20-24504-CV-GRAHAM

MANUEL CASTILLO,
Plaintiff,

v.

FISHER ISLAND CLUB, INC.,
Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court sua sponte.

**THE COURT** has considered Plaintiff's response to the Court's directive to state his position regarding the insufficiency of the discrimination claims alleged in Counts I, IV, and VI of the Third Amended Complaint (ECF No. 52), Defendant's response thereto (ECF No. 53), pertinent portions of the record, and is otherwise fully advised in the premises.

**I.   BACKGROUND**

On November 2, 2020, Plaintiff filed the instant action alleging Defendant was engaged in unlawful employment practices in violation of the Americans with Disabilities Act (ADA), the Florida Civil Rights Act (FCRA), and the Age Discrimination in Employment Act (ADEA). On January 19, 2021, Defendant filed a motion to dismiss Plaintiff's complaint, arguing the complaint included time-barred allegations, Plaintiff failed to state a claim, and the complaint constituted a shotgun pleading (ECF No. 5).

On February 2, 2021, Plaintiff filed an amended complaint in response to Defendant's motion to dismiss and restated several counts.

1

(ECF No. 8). On February 16, 2021, Defendant filed a motion to dismiss Plaintiff's amended complaint, arguing Plaintiff's claims were time-barred, Plaintiff failed to allege sufficient facts to support his hostile work environment claim, and Plaintiff's amended complaint was a shotgun pleading (ECF No. 10).

On March 23, 2021, this Court entered an order granting in part Defendant's motion to dismiss Plaintiff's amended complaint (ECF No. 14). The Court dismissed Plaintiff's ADA and ADEA claims stemming from conduct that occurred prior to May 9, 2019, and Plaintiff's FCRA claims stemming from conduct that occurred prior to March 5, 2019, and directed Plaintiff to file a second amended complaint, limiting the factual bases for his claims to incidents that are not time-barred. Id. On April 2, 2021, Plaintiff filed his second amended complaint (ECF No. 19). On April 16, 2021, Defendant filed a motion to dismiss Plaintiff's second amended complaint, renewing its objections to the inclusion of time-barred incidents, which the Court granted on August 2, 2021. (ECF No. 20, 29). On August 19, 2021, Plaintiff filed his third amended complaint, containing six counts: discrimination under the Americans with Disabilities Act ("ADA") (Count I), hostile work environment under the ADA (Count II), ADA retaliation (Count III), disability discrimination and harassment under the Florida Civil Rights Act ("FCRA") (Count IV), retaliation under the FCRA (Count V), and age discrimination under the Age Discrimination in Employment Act ("ADEA") (Count VI) (ECF No. 32). On September 2, 2021, Defendant filed a Motion to Dismiss Counts II, III, V, and the hostile work environment claim alleged in Count IV of

Plaintiff's Third Amended Complaint (ECF No. 34), which was granted (ECF No. 50).

The Court expressed its concern that the remaining counts were subject to dismissal and directed Plaintiff to state his position with regard to the insufficiency of the remaining claims (Counts I, IV, and VI of his Third Amended Complaint) (ECF No. 50). On October 4, 2021, Plaintiff filed a response (ECF No. 52), and on October 11, 2021, Defendant responded to the Plaintiff's filing (ECF No. 53).

**II.   LEGAL STANDARD**

Allegations within a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The statement need only give the defendant fair notice of what the claim is and the ground upon which it rests." Thomason v. Alabama Home Builders Licensure Bd., 741 F. App'x. 638, 641 (11th Cir. 2018) (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations and citations omitted). Further, for a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id.

A district court may dismiss an action sua sponte, or on its own motion, "'as long as the procedure employed is fair.'" Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir.2006) (quoting Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir.1998)). "To employ fair procedure, a district court must generally 'provide the plaintiff with notice of its intent to dismiss or an opportunity to respond.'" Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011)(quoting Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1069 (11th Cir.2007)); see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1248 (11th Cir. 2015)("[p]rior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond").

## McDonnell-Douglas Framework

Where a discrimination claim is based upon circumstantial evidence, we employ the *McDonnell Douglas* framework. Brooks v. Cty. Comm'n of Jefferson Cty., Ala., 446 F.3d 1160, 1162 (11th Cir. 2006)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under this framework, a plaintiff may establish a prima facie case of discrimination "by showing that: (1) he was within the statute's protected class; (2) he was qualified for his position; (3) he was subjected to adverse employment action; and (4) he suffered from disparate treatment because of membership in the protected class." Caraway v. Sec'y, U.S. Dep't of Transp., 550 F. App'x 704, 709 (11th Cir. 2013)(citing Kelliher v. Veneman, 313 F.3d 1270, 1275 (11th Cir. 2002)).

"To establish the disparate treatment element of the prima facie case, a plaintiff may point to a similarly situated comparator [outside of the protected class] who was not discriminated against." Id. (citing Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir.2004)). "The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer." Caraway v. Sec'y, U.S. Dep't of Transp., 550 F. App'x 709. When the basis of the alleged discrimination is age, the plaintiff must show that, "a substantially younger person filled the position from which he was discharged." Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015)(emphasis added).

**III. DISCUSSION**

The Court, having advised the Plaintiff of its concern that the remaining claims in Counts I, IV, and VI of his Third Amended Complaint are insufficiently pled, and having reviewed the parties' briefs on the matter, finds that the remaining counts should be dismissed sua sponte because Plaintiff has failed to allege sufficient facts indicating he was terminated based on his membership in a protected class, the fourth prong of the McDonnell-Douglas framework.

    i.    <u>Plaintiff has failed to identify a similarly situated, non-disabled comparator.</u>

Plaintiff's ADA claim, FCRA claim, and factual allegations are completely bereft of any allegations regarding a similarly situated non-disabled employee (ECF No. 32). Indeed, "the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case". Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011).

5

Instead, a plaintiff may present a "convincing mosaic of circumstantial evidence," indicating, "intentional discrimination by the decisionmaker." Smith v. Lockheed–Martin Corp., 644 F.3d 1321, 1328 (11th Cir.2011).

Here, Plaintiff alleges no facts indicating a nexus between the defendant's conduct and the plaintiff's disability. In support of his claims, Plaintiff points to his allegations that defendant (1) advised plaintiff that all doctor's notes were to be directed to a specific employee, and (2) sent plaintiff emails over a two-week period notifying him that a failure to use his remaining vacation time would result in the vacation time being forfeited. Neither of these allegations indicate discrimination based on his disability.

Absent factual support, Plaintiff's conclusory allegations that Defendant terminated Plaintiff from his employment because of his disability are nothing more than a recitation of the element itself. As stated by the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79, 129 S.Ct. 1937. Accordingly, Plaintiff has failed to allege sufficient facts to state a claim and his ADA and FCRA claims must be dismissed. See Arrington v. Alabama Power Co., 769 F. App'x 741, 747 (11th Cir. 2019)(affirming dismissal of ADA discrimination claim where the plaintiff "did not allege that a similarly situated employee outside of her protected class was treated more favorably" and "failed to allege facts showing that she was discriminated against based on a disability").

    ii.   <u>Plaintiff has failed to identify a substantially younger person who filled the position from which he was discharged.</u>

In his ADEA claim, Plaintiff alleges, "Defendant's employees were much younger than Plaintiff." However, the inquiry regarding an ADEA age-discrimination claim is whether the plaintiff was *replaced by* a younger employee. Accordingly, the age of other employees is insufficient to establish a prima facie case of discrimination.

Plaintiff further alleges, "Defendant continued to hire much younger employees to replace Plaintiff after his unlawful termination" (ECF No. 32 at ¶82, 84). This Court has held, "[w]hile a plaintiff's complaint need not include specific facts to establish each element, in this case, the Court cannot determine whether Plaintiff was replaced with an individual outside the protected class." Acuna v. City of Miami Beach, No. 18-24172-CIV, 2019 WL 2476581, at *3 (S.D. Fla. June 13, 2019). Here, Plaintiff has failed to provide any factual support for his allegation, and merely recites an element of the prima facie case. Accordingly, Plaintiff's ADEA discrimination claim is insufficiently pled and should be dismissed. See Wineberger v. Racetrac Petroleum, Inc., No. 5:14-CV-653-OC-30PRL, 2015 WL 225760, at *5 (M.D. Fla. Jan. 16, 2015) (dismissing ADEA claim where plaintiff alleged "that she was replaced with a younger coworker," without alleging details including "the age of coworker with which she was allegedly replaced, i.e., whether she was under the age of forty, such that the Court can determine whether Plaintiff was replaced with an individual outside the protected class").

    iii. <u>Plaintiff has failed to allege a failure to accommodate disability claim.</u>

7

Plaintiff argues in his response to the Court's order, that Defendant failed to accommodate Plaintiff's disability in violation of the ADA. He argues he was ordered by a physician to be on light duty as a result of his injuries, but does not argue that Defendant denied him the requested accommodation. The Court notes Plaintiff's Third Amended Complaint makes no mention of Plaintiff's doctor's orders, a requested accommodation, or the defendant's failure to accommodate.

Notably, Plaintiff alleged a failure to accommodate claim in his Second Amended Complaint, based on incidents which occurred in 2017 and 2018. The Court found that those incidents were time-barred and directed Plaintiff to amend his complaint, omitting the time-barred facts. Accordingly, Plaintiff filed his Third Amended Complaint, excluding his claim for failure to accommodate. To the extent Plaintiff is attempting to raise issues regarding a claim which the Court explicitly determined was based on time-barred facts, the Court rejects the Plaintiff's arguments. Plaintiff cannot rely on time-barred facts alleged in Plaintiff's Second Amended Complaint to establish the sufficiency of the allegations in the Third Amended Complaint.

## IV. CONCLUSION

Upon careful review of the Third Amended Complaint and the arguments raised by the parties in their briefs on the matter, the Court has determined the remaining claims do not contain sufficient factual allegations to state a claim for ADA, FCRA, or ADEA discrimination, and should be dismissed. Further, the Court has determined that dismissal shall be with prejudice. See Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 930 (11th Cir. 2016)(holding, where a

plaintiff, who was represented by counsel, "failed to cure a deficient pleading after having been offered ample opportunity to do so," the district court had discretion to dismiss the claim with prejudice).

The instant case was filed on November 2, 2020, and this is the fourth time Plaintiff has attempted to plead his claims. Despite the Court granting leave to amend multiple times, Plaintiff has yet to provide anything more than conclusory recitations of the elements of his claims. As stated by the First Circuit, "[f]inality is a critically important concept in our system of jurisprudence. At some point, battles must end." Powers v. Boston Cooper Corp., 926 F.2d 109, 112 (1st Cir.1991). Further, the Federal Rules of Civil Procedure require that the Court seek "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the remaining counts (Counts I, IV, and VI) of Plaintiff's Third Amended Complaint (ECF No. 32) are hereby **DISMISSED with prejudice**. It is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of November, 2021.

s/ Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record